JOHN W. PRICE *v.* SUCCESSION OF LEONARD MATHEWS.—G. C. LAWRA-
SON, Administrator.

The private memoranda or projets of an agreement, unsigned and retained by the writer of them are
not evidence of a contract obligatory upon him or his representatives, unless corroborated by other
testimony.

The heirs of a deceased partner are not bound by the rigid rules as to notice of dissolution of the partner-
ship applicable to the withdrawal of a partner from the firm, who would still be liable if he permitted
his name to remain in the partnership.

The continuance of the deceased partner's name, as part of the firm name, is not of itself a cause of
continuing liability on the part of the heirs.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
*L. M. Day,* for plaintiff. *P. E. Bonford,* for defendant and appellant.

COLE, J. Plaintiff seeks to render the estate of *Mathews* liable for the amount
of a balance due on a deposit account kept by him with the banking-house of
*Mathews, Finley & Co.*

It is admitted that the deposits on which the above balance arises were made
subsequent to *Mathews'* death.

The defendant is sought to be made liable in his representative capacity, upon
the allegation that the partnership was not dissolved by the decease of *Leonard
Mathews,* but continued, notwithstanding that event, between the surviving
partners and the heirs of the decedent, under an express clause to that effect in
the original contract of partnership.

In support of this allegation plaintiff introduced in evidence two documents,
produced from the custody of the defendant under a subpœna *duces tecum.*

Each of these contains a sketch, in the handwriting of the decedent, of partner-
ship articles ; the two sketches varying from each other in some slight particulars.
They are not signed by any one, and the record contains no evidence that they
ever passed out of the possession of the decedent, among whose papers they were
found after his death.

Their introduction as evidence was resisted, and a bill of exceptions was re-
served to the ruling of the District Court admitting them.

These private memoranda or projets of an agreement, unsigned and retained by
the drawer of them are not evidence of a contract obligatory upon him or his
representatives, unless corroborated by other testimony.

Plaintiff sought to give efficacy to these memoranda by the following notice,
published in the "Picayune" of New Orleans :

"Saturday, January 14th, 1854, Notice—The death of our senior, *Mr. Leonard
Mathews,* will cause no interruption to our business. The articles of copartner-
ship provide for its continuance to a period (yet remote) therein stated.

MATHEWS, FINLEY & Co."

It is not shown that this notice was given by the direction of any one author-
ized to act in the name of *Mr. Mathews'* succession, nor that the notice was
brought to the knowledge of any of the parties interested in the estate, except the
two surviving partners of the firm of *Mathews, Finley & Co.* who may be supposed
to have caused the notice to be inserted in the gazette. On the contrary, it ap-
pears that *Mrs. Mathews* spent the summer of 1854 at Pass Christian, and went
there, as one of the witnesses thinks, in January, 1854.

*Pauline Mathews,* one of the heirs, was a minor at the time of the decease of her father, *L. Mathews.*

The other heirs were *William Wilson Mathews,* a member of the firm, *Mary Mathews,* wife of *Hugh Wilson,* and *Lydia Mathews,* wife of *L. A. Finley,* a member of the firm.

Even if *Mrs. Mathews* and the other heirs, not parties to the copartnership, had seen the notice, this could not alone render them liable, for there is no legal presumption that they were cognizant of all of the provisions of the act of copartnership existing between *L. Mathews* and the other members thereof, and they may well have presumed from the allusion in the notice to the articles of copartnership, that they really provided for the continuance of the copartnership after the decease of one of its members.

It may also be observed that the reference to the articles of copartnership in the published notice was sufficient to awaken the attention of those who might deal with the firm subsequent to the death of *Mr. L. Mathews,* and they could have required an exhibition of the act of copartnership before having any more business with the firm.

Not having done so must be deemed a laches on their part, and does not justify a departure from the rigid rules of evidence in order to decree that the partnership was continued by a clause in the act of copartnership, although presumed to have been terminated by the decease of one of its members.

As the memoranda create no obligation against the estate, the acts of the surviving partners who are third persons, so far as relates to the succession, cannot produce any legal obligation against it.

It is also averred that the name of the decedent was left on the door of the office, and his name was permitted to continue in the firm. When it is remembered that the heirs of *Mr. L. Mathews* are all females with the exception of the son, who was one of the firm, and the liability of whose share after the payment of the debts is not disputed, these omissions, if they be such, do not appear to be of much weight, and we would here observe that it is by the omissions on the part of the heirs, and not by their acts, that the unsigned memoranda are sought to be corroborated.

The heirs of a deceased partner are not bound by all the rigid rules as to notice which apply to the dissolution of a copartnership, by the mere withdrawal of a partner, or by limitation; in which case the retiring partner may render himself liable, by permitting his name to remain in the partnership, thus imparting to it a credit it might not otherwise have obtained. The death of one of the partners is presumed to have dissolved the partnership. Those who deal with it are not supposed to do so on the credit of the name of the deceased partner, unless there is legal and satisfactory proof that the partnership was to continue, notwithstanding the decease of one of the partners.

We would also observe, that the continuance of the name of a deceased partner, as a part of the name of the firm, is of frequent occurrence, and, also, that a particular business, when once established and flourishing under a particular firm name, has been conducted under the same designation, after the original parties have abandoned the firm, and when the name of no one of those actually interested figures in the style of the firm. Such continuance of the decedent's name, as a part of the firm name, is not of itself considered a cause of continuing liability on the part of the heirs.

Judge Story says, that a curious question has arisen, whether the right to use

the firm name is a part of the good-will belonging to the partnership, or whether, in case of the dissolution, by the death of the partner, it belongs to the survivors. He further remarks, that it has been thought that this right does not fall within the nature of good-will, but belongs to the surviving partner. Story on Partnership, sec. 100, p. 142, (Ed. 1841.)

The same remarks will apply to the omission of the heirs to take immediate steps to have a liquidation and partition of the partnership effects. Their action would not have been prescribed for some time, and· as nothing indicated the necessity of more urgent action, their inaction cannot be considered a convincing proof of the continuance of the partnership, notwithstanding the death of *Mr. L. Mathews*.

Plaintiff has called our attention to a bill of exceptions taken by him to the ruling of the District Judge.

He offered one of the surviving members to prove that it was stipulated by and between all the partners that the partnership was to continue for five years, and was not to be dissolved by reason of the death of one or more of the partners.

The Judge did not err in excluding the testimony of the partner on this point. He has an interest to divide his liability by increasing the number of his co-debtors.

Our view of the testimony renders it unnecessary to express any opinion upon the point raised by defendant, that, assuming there was an agreement, the partnership should continue, notwithstanding the death of one or more of the copartners, how far is such an agreement binding upon the heirs, representatives or surviving widow in community of the deceased, without express ratification on their part of the contract so intended to bind them. *Louisiana Bank* v. *Kenner's Succession*, 1st La. 385.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and there be judgment for defendant against the claim of plaintiff, and that plaintiff pay the costs of both courts, and that his right of action be reserved against other parties who may be legally liable to him for his claim or any part thereof.